IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER KUBESH,

              Plaintiff,              OPINION AND ORDER

    v.

                                                         24-cv-202-wmc

INGENSA, INC.,

              Defendant.

---

In this civil action, plaintiff Christopher Kubesh asserts a single Wisconsin common law defamation claim against defendant InGensa, Inc. InGensa purported to remove this case from the Circuit Court of Polk County, then moved to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. #1 and Dkt. #4.) In contrast, Kubesh moved for his case to be remanded back to Wisconsin state court, then later filed a proposed amended complaint. (Dkt. #9 and Dkt. #13.) For the reasons set forth below, the court will grant defendant's motion in part by dismissing plaintiff's claims without prejudice, and deny plaintiff's motions for remand and leave to amend as moot.

ALLEGATIONS OF FACT[1]

Plaintiff Christopher Kubesh is a resident of Saint Croix Falls, Wisconsin, where he works remotely for the Minnesota Department of Education ("MDE"). In this role,

---

[1] The court draws the following facts from plaintiff's proposed amended complaint. (Dkt. #13.) Despite its belated filing, the court accepts it as his operative complaint for purposes of reviewing the sufficiency of his affirmative pleadings. Moreover, while the general rule is that an amended complaint moots any motion to dismiss that is already pending when the new complaint is filed, *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-cv-15-bbc, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007), because plaintiff does not identify any new allegations in his amended complaint that

Kubesh is responsible for making recommendations to MDE's Commissioner regarding school construction projects with budgets exceeding 2 million dollars, which, under Minnesota state law, districts must submit for review and comment. Defendant InGensa is a minority-owned school facilities consultant incorporated in Minnesota, with its principal place of business in Plymouth, Minnesota. In the course of advising school boards and districts, InGensa is sometimes asked to submit construction proposals for MDE's review and comment.

On August 4, 2021, InGensa submitted a request for review and comment regarding a proposed construction project on behalf of the Breckenridge Public School District in Breckenridge, Minnesota. In response, Kubesh advocated for an unfavorable review and comment on that project. InGensa then appealed directly to MDE's commissioner for a positive review, alleging "racism" by Kubesh. (Dkt. #13, at 1.) Because of InGensa's claims, Kubesh was excluded from the commissioner's approval process. Later, the Breckenridge project received a positive review and comment from MDE's Commissioner.

Next, InGensa contacted the Minnesota Department of Human Rights ("MDHR") and filed multiple claims against Kubesh, alleging both "racial discrimination and retaliation based upon racial discrimination" on April 13, 2023. (*Id*.) According to Kubesh, these "racial allegations" against him were published to MDE's Commissioner, and Kubesh then republished them to his son in Wisconsin on May 10, 2023. Kubesh

---

would affect InGensa's pending motion to dismiss, the court will for efficiency consider that motion without requiring InGensa to refile it. Finally, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-pleaded facts in the [operative] complaint and draw[s] all reasonable inferences in favor of" the plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

subsequently testified before MDHR and provided discovery, including emails and related communications. Kubesh is unaware of "any evidence of racism being found" by MDHR or InGensa. (*Id.*) Nevertheless, his review and comment recommendations are no longer considered by MDE's commissioner in the review and comment process, and he is no longer able to function in his professional capacity.

OPINION

To begin, in his motion to remand, plaintiff contends that the court lacks subject matter jurisdiction over a "state tort issue" like defamation. (Dkt. #9.) However, jurisdiction over this action asserting a state law tort claim is proper because there is complete diversity in citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Specifically, plaintiff Kubesh is a citizen of Wisconsin, and defendant InGensa is a citizen of Minnesota. (Dkt. #1-1.) As such, there is complete diversity between the parties. On the face of the complaint, the amount in controversy also exceeds the $75,000 threshold. (Dkt. #13, at 2.) Thus, plaintiff's motion for remand will be denied, while the court will grant his motion to amend and has considered the amended complaint set forth above.

Turning to defendant's motion, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss, the court must accept all well-pleaded, factual allegations as true and draw all reasonable

inferences in the plaintiff's favor. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019).

Although the operative events in this case appear to have all taken place in Minnesota, the parties agree that plaintiff's claim is governed by the substantive law of Wisconsin.[2] (Dkt. #5, at 5 and Dkt. #12, at 3.)  To state a claim of defamation under Wisconsin law, a plaintiff must allege that the defamatory statement:  "(1) was spoken to someone other than the person defamed, (2) is false, (3) is unprivileged and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Torgerson v. Journal Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997); *Hart v. Bennet*, 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 672 N.W.2d 306.

Defendant argues the heightened pleading standard for defamation under Wis. Stat. § 802.03(6) applies, requiring that plaintiff plead the "particular words" claimed to be defamatory. (Dkt. #5, at 6-7.)  However, "a federal court sitting in diversity applies federal pleading requirements even when the claim pleaded arises under state rather than federal law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008); *see also Schindler v. Marshfield Clinic*, 05-cv-705-bbc, 2007 WL 60924,

---

[2] The court has its doubts about the applicability of Wisconsin law to this case, given that the only potentially relevant event that took place outside of Minnesota was plaintiff's "third party publication" of the allegations against him to his son in Wisconsin. (Dkt. #13, at 2.)  As discussed below, self-publication cannot give rise to a defamation claim under Wisconsin or Minnesota law. Nevertheless, plaintiff fails to state a claim under the laws of either state.  Moreover, the elements of defamation under Minnesota law are substantially similar.  *Bahr v. Boise Cascade Corp.,* 766 N.W.2d 910, 919-20 (Minn. 2009).  Since both parties acquiesce to the venue, the court need not proceed further.  *Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007), *abrogated on other grounds by Rodgers-Rouzier v. American Queen Steamboat Operating Co., LLC*, 104 F.4th 978 (7th Cir. 2024).

at *11-12 (W.D. Wis. Jan 4, 2007) (federal courts apply state law to resolve substantive questions and federal law to resolve procedural and evidentiary issues, which includes pleading requirements). Thus, while Wisconsin courts may require heightened pleading, there is no such requirement for a defamation claim in federal court. *See Muzikowski v. Paramount Pictures Corp.*, 322 F. 3d 918, 926 (7th Cir. 2003) (notwithstanding Illinois' pleading rule, a "claim for defamation *per se* does not fall under the special pleading regime of Rule 9, and thus [plaintiff] is entitled to the usual rules for notice pleading established by Rule 8"). Specifically, to satisfy Rule 8, plaintiff need not provide detailed factual allegations, but must provide "just enough facts to raise [the claim] above the level of mere speculation." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")).

Even under the more favorable light of Fed. R. Civ. P. 8, however, plaintiff's vague and conclusory allegations are insufficient to state a claim for defamation. In *Ashcroft*, the Supreme Court explained that a complaint:

> demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

556 U.S. at 678 (internal quotation marks, citation, and brackets omitted). Rather, the complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

5

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

Although plaintiff asks the court to consider adequate defendant's general statements that he engaged in "racial discrimination," including "defamatory[] accusations of racism made by the defendant and communicated to individuals both in [Wisconsin] and [Minnesota]" (dkt. #12, at 1), his complaint does not provide *any* additional facts about those statements, instead providing the kinds of "naked assertions" that are insufficient under Rule 8. While that failure alone dooms plaintiff's complaint, it suffers from two, additional flaws that, taken together, are also fatal.[3]

*First*, each of the statements that plaintiff claims are defamatory appear, at bottom, to be mere opinions. Under Wisconsin law, "statements of opinion are not actionable if they merely express 'a subjective view, an interpretation, a theory, conjecture, or surmise,' unless the defendant claims or purports to possess specific and objectively verifiable facts supporting that opinion." *Wesbrook v. Ulrich*, 90 F. Supp. 3d 803, 810–11 (W.D. Wis. 2015) (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993)); *see also* Wis. JI-Civil 2500. Moreover, each allegedly defamatory statement must be viewed "in

---

[3] Although it could be a viable defense on summary judgment, defendant's other request that the court find its speech was conditionally privileged as a matter of law is premature. (*See* dkt. #5, at 10-11.) Since the conditional privilege is an affirmative defense, plaintiff need not overcome it with the allegations in his complaint. *See Quinn v. Overnite Transp. Co.*, 24 Fed. App'x 582, 586 (7th Cir. 2001); *Emiabata v. Marten Trans., Ltd.*, 574 F. Supp. 2d 912, 919 (W.D. Wis. 2007) (citing *Wisconsin v. Gilles*, 173 Wis.2d 101, 496 N.W.2d 133, 138 (Ct. App. 1992)). Nor can defendant rely on Minnesota's absolute privilege for speech before administrative agencies since defendant seems to agree that *Wisconsin* law applies. *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995). Regardless, when a federal court sits in a diversity action, it must apply the substantive privilege rules of the forum state. Fed. R. Evid. 501; *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987).

the context of the communication as a whole." *Wesbrook,* 90 F. Supp. 3d at 810.[4]

Here, defendant's allegedly defamatory statements -- that plaintiff engaged in racial discrimination and retaliation based on complaints about racial discrimination -- occurred in the context of its CEO's conversations with the MDE commissioner and formal complaints to MDHR.[5] (Dkt. #13, at 1.) Absent any further detail, a defendant's CEO "alleged racism" appears to fall into the realm of opinion. (*Id*.) Similarly, while courts have found that calling someone "a racist" can be defamatory, *Taylor v. Carmouche*, 214 F.3d 788, 793 (7th Cir. 2000), simply describing someone's conduct as racist is generally non-actionable. *López Prater*, 693 F. Supp. 3d at 1029 (collecting cases). As to the latter, defendant's filings before MDHR "alleging both racial discrimination and retaliation based upon racial discrimination" also appears to only express legal theories that, without more, cannot reasonably be viewed as statements of fact.

*Second*, plaintiff cannot state a claim for defamation based on his own, uncompelled republication of allegedly defamatory remarks to his son. Courts in both Wisconsin and Minnesota have refused to adopt the tort of defamation by self-publication in such circumstances. *Bettinger v. Field Container Co.*, 221 Wis. 2d 221, 584 N.W.2d 233 (Ct. App. 1998) (unpublished) (citing *Lehner v. Kelley*, 215 Wis. 265, 270-271, 254 N.W. 634 (1934) ("one who utters a slander is not responsible for the unauthorized repetition

---

[4] Minnesota law requires the same analysis. *López Prater v. Trs. of Hamline Univ. of Minn.*, 693 F. Supp. 3d 1009, 1028-29 (D. Minn. 2023).

[5] While the court's analysis is necessarily limited to plaintiff's allegations within the four corners of his complaint, defendant filed the relevant MDHR complaints referenced by plaintiff with its motion to dismiss. (Dkt. #6-1 and Dkt. #6-3.)

thereof")); *Lewis v. Equitable Life Assur. Soc.*, 389 N.W.2d 876, 886 (Minn. 1986). Describing self-defamation as a "questionable doctrine" and noting that most states reject it as the basis for a tort claim, the Seventh Circuit has in particular rejected its application to federal due process claims rooted in defamatory statements. *Olivieri v. Rodriguez*, 122 F.3d 406, 408-09 (7th Cir. 1997).

Although it presents a close question given the numerous defects in what is now plaintiff's second attempt to plead a viable claim of defamatory, the court will dismiss his amended complaint *without* prejudice.[6] *See Wesbrook v. Ulrich,* 13-cv-494-wmc, 2014 WL 811786, at *10 (W.D. Wis. Mar. 3, 2014). Despite defendant's insistence that plaintiff's claims are entirely meritless, the court cannot find as a matter of law that plaintiff's claims are "fantastic or delusional" to the point where they must be dismissed as frivolous. (Dkt. #5, at 12.) However, if plaintiff elects to refile his case, he should be prepared to identify specific defamatory statements and provide factual context for his claims, including where and to whom they were made, as well as any reputational injuries he sustained as a result.

ORDER

IT IS ORDERED that:

1) Plaintiff Christopher Kubesh's motion to remand (dkt. #9) is DENIED, his motion for leave to amend his complaint (dkt. #13) is GRANTED.

---

[6] Plaintiff's amended complaint appears to allege his theory of self-publication in lieu of his initial request for relief under a criminal defamation statute, Wis. Stat. § 942.01(2). (Dkt. #1-2, at 4.) It is well-settled that plaintiff cannot enforce criminal law through a civil action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). However, plaintiff's amended complaint no longer seeks such relief.

2) Defendant InGensa, Inc.'s motion to dismiss (dkt. #4) is GRANTED IN PART as set forth above, and this case is DISMISSED WITHOUT PREJUDICE.

3) The clerk of court is directed to enter judgment accordingly.

Entered this 12th day of December, 2024.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge